Memorandum: Judgment reversed and a new trial ordered. Under the form of submission to the jury of the charge against appellant of attempted rape and assault with intent to commit rape, defendant’s commission of the crime was made to depend on the acts of co defendant Belardo, one version of which in the *989 record showed a consummated rape. The jury was instructed corroboration was not essential as to the attempt and the assault. But if appellant aided in a consummated rape by Belardo, corroboration would have been required (People v. English, 16 N Y 2d 719). The separate acts of this appellant, however, could be found to have amounted to an unconsummated attempt to rape apart from Belardo’s acts. This was the specific charge of the second count of the indictment. If the jury found an unconsummated attempt, it could convict without corroboration. But this was not the theory on which the ease was submitted and the court did not charge the jury could find the defendant guilty of an independent act of attempt, distinguished from Belardo’s act. There is, in any event, some evidence to corroborate complainant’s testimony in support of the attempt charged to him, i.e., defendant’s exposure in front of complainant when police arrived and the disheveled appearance of complainant at the same time.
Chief Judge Desmond and Judges Dye, Fuld, Burke, Scileppi and Bergan concur in Memorandum; Judge Van Voorhis dissents in part and votes to reverse and to dismiss the indictment for lack of corroboration as required by section 2013 of the Penal Law.
Judgment reversed and a new trial ordered in a memorandum.